FILED'07 FEB 15 12:14USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| STEVEN STRICKLAND and MEGAN MITCHELL, ) ) ) | |
| Plaintiffs, ) ) | Civil Case No. 05-695-PK |
| vs. ) ) | ORDER |
| EVERGREEN MARINE CORP. (TAIWAN) LTD. (EVERGREEN LINE), a foreign corporation; P.T. ASURANSI RAMA SATRIA WIBAWA, a foreign corporation; ABCO INTERNATIONAL FREIGHT (USA), INC., a foreign corporation; THE M/V EVER DELUXE, Official No. 25287-98A, her engines, apparel, electronics, tackle and appurtenances, etc.; and MMC TRANSPORTATION, INC., a California corporation, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

Page 1 - ORDER

Gordon T. Carey, Jr.
721 S.W. Oak Street, Second Floor
Portland, Oregon  97205

    Attorney for Plaintiffs

John Dudrey
Williams Fredrickson, LLC
1515 S.W. Fifth Avenue, Suite 844
Portland, Oregon  97201-5447

    Attorney for Defendants

KING, Judge:

The Honorable Paul Papak, United States Magistrate Judge, issued his Findings and Recommendation on December 29, 2006.  The matter is before this court.  See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Plaintiffs have filed objections to the Findings and Recommendation, defendant Abco International Freight (USA) Inc. ("Abco") has filed a response, and plaintiffs have filed a reply.

When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.  See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Having given a *de novo* review of the issues raised in plaintiffs' objections to the Findings and Recommendation, I find no error.

Regarding the illegibility of the bill of lading, I have not considered plaintiffs' argument that they received only a photocopied version of the document, not an original copy.  Judge

Papak assumed, for purposes of Abco's Motion for Partial Summary Judgment, that the back side of the bill of lading was illegible to plaintiffs.

Judge Papak concluded that because the front of the document was legible, including the statement that the goods are to be delivered "subject always to the exceptions, limitations, conditions and liberties set out on the reverse side hereof, to which the Shipper and/or Consignee agree to in accepting this Bill of Lading," plaintiffs were on notice that the provisions on the back side were important. Findings and Recommendation at 13. Judge Papak noted that plaintiffs were represented by counsel, filed a complaint within the one year statute of limitations, but neglected to sue Abco as a defendant, even though Abco was the company with whom plaintiffs made the shipping arrangements. Plaintiffs had one year from the date of the loss to seek legal advice and to obtain a legible copy of the bill of lading, or to obtain a copy of the tariff, which contains the contents of Abco's bill of lading.

As for plaintiffs' equitable estoppel argument, as Judge Papak noted, "[t]here is no evidence that Abco tried to conceal the limitation provision from plaintiffs, or that Abco lulled plaintiffs into a false sense of complacency regarding the time limit for bringing an action against it." Findings and Recommendation at 14. Plaintiffs point to statements made by Abco that do not rise to the level of misrepresentation. Even if Abco's statements that it would "forward your claim to the carriers" and description of itself as providing "freight forwarding services" constituted some sort of misrepresentation of the applicability of COGSA's one-year statute of limitations, plaintiffs provide no evidence that they were aware of the difference between a freight forwarder and a carrier such that they relied on the misrepresentation in determining who to name as a defendant in their action.

Page 3 - ORDER

Accordingly, I ADOPT Magistrate Judge Papak's Findings and Recommendation (#91). IT IS HEREBY ORDERED that Abco's Motion for Partial Summary Judgment (#65) is GRANTED, and Plaintiffs' Motion for Summary Judgment (#44) is DENIED as moot. Plaintiffs' Motion to Compel (#35) is denied. I decline Abco's request that I dismiss plaintiffs' second claim for relief. Abco moved for summary judgment on plaintiffs' first and fourth claims only.

Dated this 15th day of February, 2007.

Garr M. King
United States District Judge